

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,027-01

### EX PARTE RONNIE LEE NATHO, SR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR6193A IN THE 33RD DISTRICT COURT
### FROM LLANO COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of misapplication of fiduciary property of an elderly individual and sentenced to twenty-five years' imprisonment. The Third Court of Appeals affirmed his conviction. *Natho v. State*, No. 03-11-00498-CR (Tex. App. — Austin Feb. 6, 2014) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel failed to challenge the competency of the complainant pursuant to Texas Rule of Evidence 601, based on the fact that she suffered from Alzheimer's disease at the time she gave the deposition that was introduced at trial, failed to cross-examine the complainant during that deposition in order to impeach her on the basis

of her mental condition, and failed to object when the complainant's grand-daughter, who was present during the deposition, testified at trial after Texas Rule of Evidence 614 ("the rule") had been invoked during the deposition and at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:          December 9, 2020
Do not publish